JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-2138 JGB (DTBx)** | Date | August 26, 2024 |
|---|---|---|---|
| Title | *Cedric Swan v. Specialty Minerals Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:**   **Minute Order DISMISSING Action for Failure to Prosecute (IN CHAMBERS)**

On September 1, 2022, Plaintiff Cedric Swan ("Plaintiff") filed a complaint against Defendant Specialty Minerals, Inc. ("Defendant") in the Superior Court of the State of California for the County of San Bernardino. ("Complaint," Dkt. No. 1-1.) On November 30, 2022, Defendant Specialty Minerals, Inc. removed the Complaint to this Court. ("Notice of Removal," Dkt. No. 1.)

On July 9, 2024, Plaintiff's counsel ("Counsel") filed a motion to withdraw as counsel, on the grounds that it was unable to contact Plaintiff. ("Motion to Withdraw," Dkt. No. 21.) On July 26, 2024, the Court granted Counsel's Motion to Withdraw and ordered counsel to immediately serve Plaintiff with a copy of the order. ("Withdraw Order," Dkt. No. 25.) In the Withdraw Order, the Court also instructed Plaintiff to show cause in writing, no later than August 12, 2024, that he would appear pro se or retain another attorney. (Id.) The Court warned that failure to respond to the order to show cause would result in the dismissal of the action for failure to prosecute. (Id.)

On August 1, 2024, Counsel filed a proof of service of the Withdraw Order on Plaintiff. (Dkt. No. 26.) To date, Plaintiff has not shown cause in writing that he will appear pro se, retain another attorney, or continue to prosecute the action. Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid

dismissal pursuant to Rule 41(b). <u>Anderson v. Air W., Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has failed to respond to the Court's Withdraw Order by the deadline imposed by the Court. The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence and that dismissal of the action is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. <u>See</u> <u>Ghazali</u>, 46 F.3d at 53–54.

The Court finds that Plaintiff's dismissal from the action is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay by Plaintiff will impede judicial efficiency. <u>See</u> <u>Pagtalunan</u>, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Additional delay will also prejudice Defendant, forcing it to spend needless resources on contesting this matter; in fact, Plaintiff has already unreasonably delayed this action without explanation. <u>See</u> <u>Sw. Marine Inc. v. Danzig</u>, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Moreover, less drastic sanctions are not realistic: Plaintiff has yet to pursue this case in any meaningful way since his attorney's Motion to Withdraw and is unlikely to do so in the future.

Accordingly, the Court **DISMISSES** the action for failure to prosecute. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

cc:
Cedric Swan
1160 Deseret Avenue, Unit B
Barstow, CA 92311-5295

Cedric Swan
3600 Mountain Avenue, #201
San Bernardino, CA 92404